**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MAJORIE PEARSALL, M.D.** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| **PHILADELPHIA VASCULAR INSTITUTE** | * | **Civil No.: BPG–08-0760** |
| **and** | | |
| **JAMES McGUCKIN, M.D.** | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

This case was referred to me for all proceedings with the consent of the parties.  28
U.S.C. § 636(c).  Dr. Majorie Pearsall ("plaintiff") has sued the Philadelphia Vascular Institute
and Dr. James McGuckin (collectively "defendants") alleging breach of contract and violation of
the Maryland Wage Payment and Collection Act.  (Paper No. 4 at 3-4.)  By Order entered on
July 1, 2008, I denied plaintiff's Motion to Remand.  (Paper No. 27.)  This Memorandum
Opinion sets forth the reasons for that Order.

**I.    Background**

Plaintiff filed suit in the Circuit Court for Baltimore County, Maryland on January 14,
2008.  (Paper No. 14 at 1.)  Rather than initiate formal service of process, plaintiff's counsel sent
a copy of the complaint and summons to defense counsel, Mr. Curley, on January 29, 2008.
(Paper No. 14 at 2.)  Plaintiff alleges that Mr. Curley agreed to accept service on defendants'
behalf on February 11, 2008 during a telephone call.  (Paper No. 14 at 2.)  On that same day,
plaintiff's counsel sent Mr. Curley an email as a follow-up to the telephone call, saying "Thank

1

you for agreeing to accept service on behalf of the defendants." (Paper No. 14, Ex. E at 1.)

Plaintiff's counsel also sent Mr. Curley a proposed Line to be filed with the court, indicating that

Mr. Curley accepted service on behalf of the defendants on February 11. (Paper No. 14, Ex. E at

2.) The record does not indicate that this Line was ever signed by defense counsel or filed with

the court.

Plaintiff argues that, because defense counsel purportedly agreed to accept service on

February 11, defendants' notice of removal of the case from Baltimore County Circuit Court to

this court on March 25, 2008 was beyond the thirty-day limit prescribed by 28 U.S.C. § 1446.

Section 1446 provides that "the notice of removal of a civil action or proceeding shall be filed

within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading." (Paper No. 14 at 2.) Plaintiff argues that defendants' untimely removal of

the case, forty-three days after the purported agreement by defense counsel to accept service on

defendant's behalf, warrants remand of this case to state court.

Defendants, on the other hand, argue that Mr. Curley did not agree to accept service on

February 11, 2008 or at any time. (Paper No. 18 at 1.) Plaintiff's counsel specifically asked Mr.

Curley in an email dated February 19 if he was still agreeable to accepting service and whether

plaintiff's counsel could file the proposed Line. (Paper No. 18, Ex. A at 1.) Mr. Curley, a

Pennsylvania attorney, responded to this inquiry by stating that he was contacting a Maryland

attorney to assist him, who would be entering his appearance in the case. (Paper No. 18, Ex. A

at 1.) Mr. Loots entered his appearance on behalf of the defendants, accepted service, and filed a

notice with the court on February 28, 2008.[1]  (Paper No. 18, Ex. B, C.)  Defendants argue that,

because service was effective as of February 28, the March 25th removal was within the requisite

thirty-day period and the Court should deny plaintiff's Motion to Remand.

## II.   Discussion

This diversity jurisdiction case may be removed to federal court if the proper procedure

has been followed.  28 U.S.C. § 1441.  According to the applicable statute, "[t]he notice of

removal of a civil action or proceeding shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. §

1446.  Plaintiff urges that the court must construe this statute strictly.  (Paper No. 14 at 2.)  "In

reviewing a motion to remand, because the federal courts are reluctant to interfere with matters

properly before a state court, courts strictly construe the removal statute and resolve all doubts in

favor of remanding the case to the state court."  *Richardson v. Phillip Morris Inc.*, 950 F. Supp.

700, 701-02 (D. Md. 1997) (internal punctuation and citations omitted); *accord Mulcahey v.

Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).  Plaintiff argues that

the thirty-day time limit, therefore, should be strictly enforced.  *See, e.g.*, *Branch v. Coca-Cola

Bottling Co. Consol.*, 83 F. Supp. 2d 631 (D.S.C. 2000) (granting a motion to remand after one

of the named defendants filed the petition to remove one day past the thirty-day time limit).

Plaintiff does not appear to contend that proper service was accomplished,[2] but rather that

---

[1] Mr. Curley did not enter his appearance in this case until May 14, 2008.  (Paper No.
25.)

[2] "[A] named defendant's time to remove is triggered by simultaneous service of the
summons and complaint, or otherwise receipt of the complaint, 'through service or otherwise,'
after and apart from service of the summons, *but not by mere receipt of the complaint unattended
by any formal service*."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-

defendants waived service of process.  The issue for the court is when, if at all, that waiver was

accomplished.  "The privilege to be served with process within the jurisdiction of a court may be

waived by express agreement of the parties or by failing to seasonably object to the defective

service."  62B AM. JUR. 2D *Process* § 310 (2008).  As noted by the Court of Appeals of

Maryland, "[a] voluntary appearance of a party to a suit is a waiver of formal notice . . . And the

most usual way of waiving service is by the appearance of an attorney.  The presumption is that

an attorney has authority to appear."  *Harrison v. Morton*, 87 Md. 671, 40 A. 897, 898 (1898)

(internal citations omitted).  "In the absence of a voluntary appearance or a conscious waiver,

service of process is an indispensable prerequisite to a court's jurisdiction to proceed."  62B AM.

JUR. 2D *Process* § 103.  Here, Mr. Loots entered his appearance on behalf of defendant on

February 28, 2008.  (Paper No. 18, Ex. B.)

 The court cannot conclude from the record in this case that defendants exhibited assent to

waive service of process until Mr. Loots entered his appearance and filed a certificate signifying

that defendants waived service of process.  (Paper No. 18, Ex. B, C.)  The communications to

which plaintiff cites in support of the argument that defendants waived service are all authored

by plaintiff's counsel.  (Paper No. 14, Ex. E.)  Specifically, in response to plaintiff's counsel's

questions about whether he was agreeable to waiving service and whether plaintiff's counsel

could file the proposed Line with the court, Mr. Curley indicated that he would be contacting

local counsel.  He did not expressly agree to waive service of process at that time.[3]  (Paper No.

---

48 (1999) (emphasis added).

 [3] It is worth noting that the requirement of an affirmative act on defendants' part to waive
service of process is consistent with the Federal Rule of Civil Procedure 4(d), which governs the
procedure for "waiver" of service of process.  *Brown v. Am. Institutes for Research*, 487 F. Supp.

18. Ex. A.)

Plaintiff seems to suggest that service was waived on February 11 because Mr. Curley did not respond to plaintiff's counsel's email saying "Thank you for agreeing to accept service on behalf of the defendants."  (Paper No. 23 at 1.)  Contrary to plaintiff's position, the court must find that defendants affirmatively waived service at a particular time and waiver cannot be inferred here from defense counsel's silence.  The court does not find an effective waiver of service by defendants on February 11, 2008.  Rather, the Court finds that defendants expressly waived service of process on February 28, 2008.  Accordingly, defendants' March 25, 2008 notice of removal was filed within thirty days of waiver of service of process and, therefore, was timely under the requirements of 28 U.S.C. § 1446.

## III.   <u>Conclusion</u>

For the foregoing reasons, plaintiff's Motion to Remand is denied.


_____7-31-08_____                         _____/s/_____
Date                                      Beth P. Gesner
                                          United States Magistrate Judge

---

2d 613, 616 (D. Md. 2007) (citing Fed. R. Civ. P. 4 as authoritative for the procedure to waive of service of process).